SCHWABACKER (Case No. 12,501)                    [21 Fed. Cas. page 764]

## Case No. 12,499.

In re SCHWAB et al.

[8 Ben. 353.][1]

District Court, S. D. New York. Feb., 1876.

BANKRUPTCY — EXAMINATION OF BANKRUPT — SECURED CREDITOR—JUDGMENT.

A first meeting in composition of creditors of bankrupts being held, a debt was proven by S. & Co., upon a judgment rendered in a state court, in favor of S. & Co., against the bankrupts, on which execution had been issued and which was still unsatisfied. The proof of debt alleged that no manner of satisfaction or security had been received for the debt, except the judgment, execution and lien thereunder, if any, and any right or title which the creditors might have under an assignment for the benefit of creditors, claimed to have been made by the bankrupts before the commencement of the bankruptcy proceedings. S. & Co. requested an examination of the debtors. On behalf of the debtors and of other creditors, it was objected that these creditors were not entitled to any examination of the debtors, as their claim was, by the proof, alleged to be secured. Held, that S. & Co. were entitled to proceed with the examination of the debtors.

[In the matter of Jacob Schwab and Daniel Deutsch, bankrupts.]

The register in this case certified to the court as follows: Pursuant to notice duly given to the creditors of the debtors, a first meeting on composition was held before the register, at his office, on the 24th January instant. Among the debts proven, was one by J. N. Stearns & Co., for the sum of $878.32, made in the form of a deposition for proof of debt without security, and setting forth that said claim was founded on a judgment for damages and costs rendered in favor of the

creditors against the debtors, in the supreme court of the state of New York on the 7th January, 1876, the original consideration of the debt being goods and merchandise sold and delivered; and said proof further set forth, that an execution upon said judgment was thereafter issued to the sheriff of the city and county of New York, and that said judgment still remained uncancelled and unsatisfied; and it further set forth, that no manner of satisfaction or security had been received for said debt, whatsoever, "except the said judgment, execution and lien thereunder, if any, and any right or title which said creditors may have under an alleged assignment claimed to have been made prior to the proceedings, by the said debtors, for the benefit of their creditors, to one Adolph Kahn, but the said liens or claims, if any exist, are not security for the full amount of the said debt, but the amount or value thereof is unknown to this deponent." Thereupon Mr. James P. Stearns, the counsel for said creditors requested an examination of the debtors on oath, to which Mr. Blumenstiel as counsel for 14 other creditors, and Mr. Jacob, of counsel for the alleged bankrupts, objected, upon the ground that the claim of J. N. Stearns & Co. was alleged to be secured and secured creditors were not entitled to any examination of the debtors.

The register expressed the opinion that the creditors, J. N. Stearns & Co., had the right to proceed with their examination of the debtors, as claimed by them.

BLATCHFORD, District Judge. I concur in the opinion of the register.

## Case No. 12,500.

SCHWAB v. HOLLOWELL.

[Cited in Schoolfield, Hanauer & Co. v. Johnson, 11 Fed. 297. Nowhere reported; opinion not now accessible.]